NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50325 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00865-JFW-1 |
| v. | |
| KENNETH PAUL FERREYRO, Esquire, AKA K. Ferreyro, AKA Kenneth P. Ferreyro, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted November 16, 2021**
Pasadena, California

Before: BYBEE and BENNETT, Circuit Judges, and BATAILLON,*** District
Judge.

Kenneth Ferreyro appeals from his jury convictions for four counts of wire

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

fraud in violation of 18 U.S.C. § 1343 and four counts of making a fraudulent claim to the Internal Revenue Service in violation of 18 U.S.C. § 287. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Ferreyro challenges his convictions based on three alleged instructional errors: (1) the jury instruction on the intent element of wire fraud was erroneous, as it defined intent to defraud as "intent to deceive *or* cheat" rather than "intent to deceive *and* cheat"; (2) the district court failed to sua sponte instruct the jury on how to assess law enforcement credibility; and (3) the district court failed to sua sponte instruct the jury on how to assess expert and dual role testimony.

As Ferreyro correctly concedes, his first two challenges are subject to plain error review. This means that Ferreyro must show that "there was (1) an error that (2) was clear or obvious and not subject to reasonable dispute that (3) affected [his] substantial rights by affecting the outcome of the proceedings and (4) seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Liew*, 856 F.3d 585, 596 (9th Cir. 2017).

As to Ferreyro's first challenge, the district court clearly erred by giving the disjunctive formulation of the intent to defraud instruction. *See United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020) (holding that wire fraud under § 1343 "requires the intent to deceive *and* cheat"); *Henderson v. United States*, 568 U.S. 266, 279 (2013) (holding that, under plain error review, an error is clear or obvious

so long as it is plain at the time of appellate review). But Ferreyro cannot show that the error affected the outcome of the trial. The evidence that Ferreyro intended to cheat his victims was overwhelming. Six victims testified that Ferreyro had lied to them about being an attorney to get their money, and their testimony was corroborated by documents such as texts, emails, and checks. Ferreyro ignores this evidence and argues that the intent to cheat can be inferred only from the four charged wire communications. But the government can prove intent to defraud based on circumstantial evidence, including the fraudulent scheme itself. *See United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008) (per curiam). The government did so here.

Ferreyro's second challenge is that the district court plainly erred by failing to sua sponte instruct the jury that law enforcement testimony is entitled to only the same weight as other witness testimony. But, even assuming error, Ferreyro cites no authority to support that such error was *obvious*. *See Liew*, 856 F.3d at 599 (finding no plain error based on the lack of "any clear or controlling authority").

Ferreyro's final challenge is that the district court erred by failing to sua sponte instruct the jury on how it should assess expert and dual role testimony. We decline to address this argument because Ferreyro waived it. "Forfeited rights are reviewable for plain error, while waived rights are not," and a defendant waives an argument if he both invites an error and intentionally relinquishes or abandons a

3

known right. *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc).

Ferreyro, through his attorney, invited the error by agreeing to proposed jury instructions that omitted expert and dual role testimony instructions. And Ferreyro was aware of his right to request the omitted instructions, as the government and defense counsel discussed whether they were necessary.[1] Thus, Ferreyro waived his third challenge.[2]

**AFFIRMED.**

---

[1] Ferreyro argues that waiver is inapplicable because the witnesses' trial testimony materially differed from what the government had represented pretrial. But the government's pretrial disclosures were in fact consistent with the witnesses' trial testimony.

[2] Ferreyro's argument would fail even if not waived, as he has not shown the prejudice necessary to establish plain error. Even if we were to assume that the jury would have given less weight to the witnesses' testimonies had the instructions been given (as Ferreyro contends), Ferreyro does not explain how that would have changed the outcome. As the defense gave the jury no reason to doubt the credibility of the witnesses or the accuracy of their unchallenged testimony, the outcome would have likely been the same.